**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7030

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISIAH LAND,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:01-cr-00197-RBS; 2:04-cv-00662-RBS)

Submitted: October 17, 2006          Decided: October 20, 2006

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Isiah Land, Appellant Pro Se.  James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Isiah Land seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 12, 2005.* The notice of appeal was filed on May 30, 2006. Because the notice of appeal was untimely, we deny Land's motion for a Government voucher and benefits, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

*Although the district court's judgment was not set forth on a separate document, judgment was entered pursuant to Fed. R. Civ. P. 58(b)(2)(B) on September 9, 2005.

- 2 -